**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SUNIL NAYYAR, M.D.,** : | |
| : | |
| **Plaintiff,** : | Case No. 2:10-cv-00135 |
| : | |
| v. : | JUDGE MARBLEY |
| : | |
| **MT. CARMEL HEALTH SYSTEM,** *et al*. : | Magistrate Judge King |
| : | |
| **Defendants.** : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Mount Carmel Health System's (Mt. Carmel) Motion to Dismiss the Plaintiff's Eighth Claim for Relief in his Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 12). For the reasons stated below, Defendants' Motion is **GRANTED**.

**II. BACKGROUND**

**A. FACTUAL BACKGROUND**

Defendant, Mt. Carmel, employed Plaintiff, Sunil Nayyar, M.D., as a resident physician at its Mt. Carmel West facility in Franklin County, Ohio from July 2006 to July 2009. In July 2009, Mt. Carmel terminated Nayyar's employment after an investigation into alleged irregularities during a procedure Nayyar had performed. Mt. Carmel maintains it fired Nayyar as a result of the investigation's findings, as well as Nayyar's past disciplinary record. Nayyar, however, claims a series of complaints he made to his superiors regarding the inadequacy of Mt. Carmel's critical care staffing actually motivated his termination.

## B. PROCEDURAL BACKGROUND

On February 4, 2010, Plaintiff Nayyar filed a Complaint for damages and injunctive relief against Mt. Carmel for the wrongful termination of his employment. Nayyar made Eight Claims for Relief: (1) Retaliation in Violation of Ohio Law and Public Policy; (2) Retaliation in Violation of Ohio Whistleblower Statute; (3) Intentional Infliction of Emotional Distress in Violation of Ohio Law; (4) Violation of Plaintiff's Due Process; (5) Race, National Origin, and Ancestral Discrimination in Violation of Title VII and Section 1981; (6) Spoliation of Evidence; (7) Race, National Origin, and Ancestral Discrimination in Violation of Ohio Revised Code §§ 4112.01 and 4112.02; and (8) Medicare Violations and Retaliation, 42 U.S.C. § 1320c-5. On February 22, 2010, Mt. Carmel moved to dismiss Nayyar's Eighth Claim for Relief..

## III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

## IV. LAW AND ANALYSIS

Mt. Carmel contends Nayyar's Eighth Claim for Relief should be dismissed because 42 U.S.C. § 1320c-5 does not provide for a private cause of action. On the statute's face, it is primarily a fiscal measure targeting Medicare fraud. In relevant part, it obligates "any health care practitioner. . . including a hospital" which receives Medicare payments to provide services "economically" and only when "medically necessary," while assuring the quality of those services "meets professionally recognized standards of health care." 42 U.S.C.A. § 1320c-5 (2010). Mt. Carmel is correct that the language of the statute does not explicitly create a private cause of action. Therefore, Nayyar may base a claim on the statute only if it implies a private cause of action.

To determine whether a statute implies a private cause of action, the Sixth Circuit has relied on the Supreme Court's four-factor test from *Cort v. Ash*, 422 U.S. 66, 95 (1975). *Bowling*

*Green v. Martin Land Development Co., Inc.*, 561 F.3d 556, 559 (2009). The four *Cort* factors courts must consider are:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted" ...-that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort*, 422 U.S. at 78, 95. Since *Cort*, however, the Supreme Court has modified the test by converting congressional intent "into the determinative factor." *Thompson v. Thompson*, 484 U.S. 174, 189 (1988) (Scalia, J., concurring). The Sixth Circuit has defined the limited influence of the other three factors, stating that they "are simply tools to divine the intent of Congress in the event of statutory silence." *Local 3-689, Oil Chem. & Atomic Int'l Union v. Martin Marietta Energy Sys. Inc.*, 77 F.3d 131, 134 (6th Cir. 1996). Therefore, without congressional intent to create a private cause of action, a private remedy "does not exist and courts may not create one." *Alexander v. Sandoval*, 532 U.S. 275, 287-288 (2001). Failure to mention creating a private cause of action in the legislative history and the creation of a comprehensive "administrative enforcement framework strongly suggest that Congress did not intend to imply a private right of action." *Bowling Green*, 561 F.3d at 561.

Nayyar's claim presents a matter of first impression: whether 42 U.S.C. § 1320c-5 creates an implied private cause of action for a third-party physician to sue an employer hospital.

Under the *Cort* test, taking congressional intent as determinative, 42 U.S.C. § 1320c-5 fails to meet the requirements necessary to find an implied private cause of action.

First, Nayyar is not "one of the class" on whose behalf the statute was enacted. While the statute primarily protects the government from wasteful payments to physicians engaged in Medicare fraud, Section (a) (2) also protects Medicare patients by mandating they receive an appropriate quality of health services. 42 U.S.C.A. § 1320c-5 (2010). To protect the interests of the government and patients, Congress leveled the statute *against* medical practitioners engaged in fraud. Congress did not intend to protect the interests of individual medical practitioners from their employers. The protections the statute offers to medical practitioners, individual or corporate, consist solely of the notice and hearing requirements which place limits on the Secretary's discretionary enforcement.

Second, and most importantly, no comment or finding in the legislative history suggests Congress contemplated creating a private cause of action. The Supreme Court's *Thompson* decision held this second factor to be determinative.

Third, Congress simultaneously created a comprehensive "administrative enforcement framework" for the statute. 42 U.S.C.A. § 1320c-5 (2010). Section (b) requires that health care practitioners receive "reasonable notice" of the Secretary's concerns as well as "reasonable opportunity" to execute a "corrective action plan" prior to being excluded from Medicare. 42 U.S.C.A. § 1320c-5 (2010). If the practitioner fails to correct the violations, the Secretary has discretion to exclude it from Medicare programs or to fine it up to $10,000 per violation. Section (b) (4) entitles practitioners dissatisfied with the Secretary's determination to a hearing. 42 U.S.C. § 1320c-5 (2010). The broad discretion given to the Secretary to enforce this statute, as

well as the detailed scope of enforcement provisions indicate Congress envisioned the Secretary enforcing 42 U.S.C. § 1320c-5, not private individuals.

Fourth and finally, the cause of action here is one traditionally relegated to state law. While a statute regulating payments from a federal program such as Medicare is not a subject for state legislation, Nayyar's suit does not actually target Medicare payments. His cause of action is based on appropriate standards of medical care, which are tangentially implicated by 42 U.S.C. § 1320c-5. Ordinarily, state laws govern the standards of medical care and thus it would be inappropriate to infer a cause of action based solely on federal law.    Taken together, the four *Cort* factors all point to the conclusion that Congress did not intend to create a private cause of action under 42 U.S.C. § 1320c-5.

A motion to dismiss may be granted under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). As the foregoing analysis demonstrates, Nayyar cannot present any set of facts that would allow him to recover under 42 U.S.C. § 1320c-5 because the statute creates neither an explicit nor implicit private cause of action. For the purposes of this litigation, the Court has no need to decide whether the statute creates a private cause of action for Medicare patients. To dismiss Nayyar's Eighth Claim, it is sufficient that the statute creates no private cause of action for third-party physicians to sue their employers.

## V. CONCLUSION

Allowing Plaintiff's suit against Mt. Carmel to proceed under 42 U.S.C. § 1320c-5 would be inconsistent with the intent of Congress not to create a private cause of action. Therefore, the Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**


    <u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 1, 2010**