**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SUNIL NAYYAR | : | |
| | : | Case No. 2:10-CV-00135 |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Marbley |
| | : | |
| MT. CARMEL HEALTH SYSTEM, *et al.* | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |

**MOTION OF PLAINTIFF SUNIL NAYYAR TO
<u>COMPEL PRODUCTION OF DOCUMENTS</u>**

Plaintiff Sunil Nayyar ("Plaintiff") hereby moves his Court, pursuant to Fed.Civ. R. P. 37, for an order directing Defendant Mount Carmel Health System ("Defendant") to produce documents requested by Plaintiff that are needed to adequately oppose Defendant's Motion for Summary Judgment and are needed to prove Plaintiff's claims at trial. Plaintiff has requested that Defendant supplement its production and Defendant has only partially supplemented its production to Plaintiff. Defendant's refusal to fully supplement its production is meritless and is based solely on relevance grounds; no privilege has been asserted by Defendant as a basis for refusing to produce the requested documents.

The first set of documents that Defendant refuses to produce are as follows: (1) Notice to Mount Carmel staff to preserve documents, (2) records of all Indian residents and licensed physicians fired at Mount Carmel hospital; (3) Dr. John Weiss' and Lisa Cottrell's personnel, performance and disciplinary history; and (4) all hospital and corporate communications relating to the residents January 2009 petition presenting a patient safety issue in the Intensive Care Unit (ICU). (See Exhibit A, copy of email to Kris Armstrong, counsel for Defendant).

The first set of documents is relevant and needed to adequately oppose the Defendant's motion for summary judgment. For example, corporate and internal communications involving the 2009 resident petition may show a retaliatory motive because Plaintiff was a leader of the 2009 protest petition and continued his protest in July 2009 by accusing Defendants Mount Carmel and Dr. John Weiss of patient safety problems in the ICU. Plaintiff also accused Dr. Weiss of scheduling the residents in a manner that endangered the safety of patients and ultimately led to a patient's death. A second example concerns the records of all Indian residents and licensed doctors at Mount Carmel. Mount Carmel has engaged in a pattern and practice of adverse employment decisions against Indian physicians.[1] The records of other Indian physicians will support Plaintiff's disparate treatment claims based in his Indian race and ancestry. (See Exhibit A)

The second set of documents that Defendant has refused to produce concerns settlement and release agreement entered into between two former Caucasian employees and Mount Carmel. The agreements concern former employees Dr. Jonathan Borders and Nurse Amanda Bowers. Mount Carmel's decision to provide any form of benefit to these employees is relevant as disparate treatment and may constitute evidence of motive by one of the former employees (Nurse Bowers) to make adverse statements against Plaintiff. Both of these employees were investigated (one was investigated for the same incident that resulted in Dr. Nayyar's termination) and each was treated differently than Plaintiff. Mount Carmel's decision to provide monies and/or benefits to these employees while not providing such benefits to Plaintiff is clearly discriminatory and is evidence from which Plaintiff may infer discrimination. (See Exhibit B)

Plaintiff has requested this information and Defendant Mount Carmel has refused to provide it. Defendant Mount Carmel's refusal to provide the documents, as stated by its counsel, is that the

---

[1] Defendant's objection that this evidence is not relevant to the decision to fire Dr. Nayyar is meritless. Dr. Weiss, in his deposition on December 15, 2011, testified that the decision to investigate and terminate Dr. Nayyar was made jointly by Mount Carmel's Human Resources Department, Program Education Committee and Dr. Weiss himself.

documents are not relevant.  In response, Plaintiff has requested the documents in order to oppose the motion for summary judgment and to establish proof of disparate treatment of Dr. Nayyar. Despite Plaintiff's requests, and Defendant's failure to assert privilege as a ground for non-production, Plaintiff are entitled to the documents and require them in order to adequately oppose the motion for summary judgment filed on December 15, 2011.

Based on the forging, Plaintiff requests that Defendant Mount Carmel be compelled to produce the above referenced documents.

Respectfully submitted,

s/William Patmon, III
William Patmon, III (0062204)
Patmon, LLC
Attorneys at Law
4100 Regent Street, Suite U
Columbus, Ohio 43219
Ph: (614) 470-9860
Fax: (614) 470-9930
Email: wpatmon@patmonlaw.com
www.patmonlaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing *Motion* was served this 15th day of December via the Court's electronic filing and delivery system upon the following:

KRISTOPER J. ARMSTRONG
MANUEL J ASENSIO III
BAKER & HOSTETLER
65 EAST STATE STREET
SUITE 2100
COLUMBUS, OH 43215
Attorneys for Defendants

                                          s/William W. Patmon III
                                          William Patmon, III, Esq.