IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUNIL NAYYAR,
            Plaintiff,

  vs.                                      Civil Action 2:10-CV-135
                                              Judge Marbley
                                              Magistrate Judge King

MOUNT CARMEL HEALTH SYSTEM,
*et al.*,
            Defendants.

**OPINION AND ORDER**

    This is an employment action in which plaintiff alleges that he was unlawfully terminated from defendant Mount Carmel Health System's medical residency program on account of plaintiff's race and national origin and in retaliation for plaintiff's advocacy regarding patient safety. Plaintiff asserts claims under O.R.C. §§ 4112.01, .02, Ohio's public policy and Ohio's Whistleblower Statute and claims of emotional distress, for denial of contractual due process and for spoilation of evidence. Plaintiff also asserts federal claims under 42 U.S.C. § 1981.[1] This matter is before the Court on *Motion of Plaintiff Sunil Nayyar to Compel Production of Documents*, Doc. No. 63 ("*Motion to Compel*").

I.   BACKGROUND

    On February 18, 2010, the Court granted plaintiff's motion for expedited discovery. *Order*, Doc. No. 11. Plaintiff served document requests on February 22, 2010. *Exhibit A*, p. 16, attached to

---

[1] Plaintiff's claims under the Medicare Act, 42 U.S.C. § 1320c-5, were dismissed. *Opinion and Order*, Doc. No. 26.

*Defendant Mount Carmel Health System's Response in Opposition to Plaintiff's Motion to Compel*, Doc. No. 71 ("*Memo. in Opp.*").

Following the preliminary pretrial conference, the Court issued an order directing, *inter alia*, that all discovery be completed by December 31, 2010 and that motions for summary judgment be filed no later than January 31, 2011. *Preliminary Pretrial Order*, Doc. No. 22, p. 2. However, upon plaintiff's second motion to expedite discovery (and the trial date), Doc. No. 30, the Court reset the discovery deadline for November 8, 2010, reset the deadline for filing motions for summary judgment to November 29, 2010, and set a trial date of March 7, 2011. *Order Setting Trial Date and Referring Case to Mediation*, Doc. No. 35; *Order*, Doc. No. 36.

On October 14, 2010, defendant served responses and objections to plaintiff's initial document requests. *Exhibit A*, pp. 16-20, attached to *Memo. in Opp*.

Notwithstanding his earlier requests to expedite deadlines in this case, plaintiff jointly moved with defendant on November 8, 2010 to extend the case schedule and to rest the trial date. Doc. No. 38. The Court granted this request, rescheduling the trial date to May 27, 2011, and continuing the deadlines for completing discovery and for filing motions for summary judgment to January 17, 2011 and February 7, 2011, respectively. *Order Resetting Trial Date and Final Pretrial Conference*, Doc. No. 39.

Thereafter, the parties jointly moved two additional times to

extend the case schedule.  Doc. Nos. 41, 52.[2]  The Court granted these requests.  *Order*, Doc. No. 42; *Order*, Doc. No. 53.  In granting the third motion for extension of time on October 5, 2011, however, the Court specifically provided that only "the depositions of Dr. John Weiss, Ms. Lisa Cottrell and Dr. Mark Easterday may be completed beyond the current discovery period [of September 15, 2011]" and permitted motions for summary judgment to be filed no later than December 2, 2011.  *Order*, Doc. No. 53.  The Court advised the parties that there would be no further extensions of the pretrial schedule. *Id.*

Nevertheless, nearly two months later, the parties filed their fourth joint motion to extend the deadlines for filing motions for summary judgment and for completing discovery to December 15, 2011.  Doc. No. 54.  In support of this request, the parties represented that (1) they needed to complete the depositions of Dr. John Weiss, plaintiff's immediate supervisor, and Lisa Cottrell, a nurse identified as a "key witness," and (2) they needed additional time to complete supplemental written discovery and resolve discovery issues, which the parties "believe can be resolved through the entry of a stipulated protective order . . . without the need for motions practice regarding supplemental discovery by December 15, 2011."  *Id.* at 1-2.  Based on the parties' representations, the Court granted the joint request, requiring that all discovery be completed by December 31, 2011 and that motions for summary judgment be filed no later than

---

[2]During this period of time, the Court advised the parties that, while settlement discussions were encouraged, the case schedule would not be delayed or suspended in deference to such discussions.  *Order*, Doc. No. 51.

3

December 31, 2011.  *Order*, Doc. No. 55.  The Court specifically advised the parties that there would be no further extension of the pretrial schedule.  *Id*.

On December 15, 2011, defendants moved for summary judgment. Doc. No. 64.  On the same day, despite the earlier entry of a stipulated protective order, Doc. No. 59, plaintiff nevertheless filed the *Motion to Compel*.  After ordering expedited briefing on this motion, *Order*, Doc. No. 70, defendants filed their *Memo. in Opp.*, and *Plaintiff Sunil Nayyar's Reply Memorandum to Defendant Mount Carmel Health System's Opposition Memorandum to Plaintiff's Motion to Compel*, Doc. No. 72 ("*Reply*"), was filed.  This matter is now ripe for resolution.

**II.  DISCUSSION**

Plaintiff moves for an order compelling defendants to produce various documents, arguing, *inter alia*, that the information is necessary to adequately oppose defendants' motion for summary judgment, which is due January 24, 2012.  *Motion to Compel*, pp. 1, 3; *Reply*, pp. 1, 3, 6-7; *Order*, Doc. No. 69.  Although not captioned as such, plaintiff appears to seek discovery pursuant to Fed. R. Civ. P. 56(d) (former Rule 56(f)).  Rule 56(d) establishes the proper procedure where a party concludes that additional discovery is necessary in order to respond to a motion for summary judgment:

> **When Affidavits Are Unavailable.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)  defer considering the motion or deny it;
>
> (2)  allow time to obtain affidavits or declarations

>             or to take discovery; or
>
>     (3)  issue any other appropriate order.

Fed. R. Civ. P. 56(d). The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989)). Accordingly, "[t]he overarching inquiry . . . is whether the moving party was diligent in pursuing discovery." *Dowling v. The Cleveland Clinic*, 593 F.3d 472, 478 (6th Cir. 2010). *See also Schaffer by Schaffer v. A.O. Smith Harvestore Prods.*, 74 F.3d 722, 732 (6th Cir. 1996) (affirming district court's refusal to consider Rule 56(f) affidavit where "Plaintiffs have not explained why they did not bring Defendants' alleged numerous failures to comply with discovery requests to the attention of the court in a timely manner"). Stated differently, "Rule 56(f) [now Rule 56(d)] is not a substitute for diligently pursuing discovery." *Schaffer*, 74 F.3d at 732. *See also Mallory v. Noble Corr. Inst.*, No. 01-3302, 45 Fed. Appx. 463, at *470 (6th Cir. Sept. 3, 2002) ("Court after court has made clear that the protection that Rule 56(f) provides is not intended to shield counsel who were dilatory in conducting discovery.").

In the case *sub judice*, plaintiff has failed to submit the necessary affidavit or declaration supporting his request for additional discovery. Even if the Court overlooked this critical deficiency, however, plaintiff's request would still fail because he has not explained why he has not previously discovered the information

he now seeks. Stated differently, there is no evidence that plaintiff has been diligent in pursuing the discovery that he now asserts he was not provided. As demonstrated through the multiple extensions of the pretrial schedule discussed *supra*, plaintiff has had ample opportunity-- nearly two years-- to conduct discovery. Although defendants responded to plaintiff's initial discovery requests as early as October 24, 2010, *Exhibit A*, p. 16, attached to *Memo. in Opp.*, plaintiff never filed a motion to compel until December 31, 2011. Granting plaintiff's current motion would only extend the discovery period once again for an indeterminate amount of time. Moreover, in light of the multiple requests to extend discovery and prior representations regarding resolution of discovery disputes that have been broken, Doc. No. 54, p. 2 (representing that an extension of time and the entry of a protective order would obviate "the need for motions practice regarding supplemental discovery by December 15, 2011"), the Court has no reason to believe that plaintiff would complete discovery if yet another extension were granted.

    Plaintiff argues, however, that he requested "additional information [from defendants] in an email" sent on October 19, 2011, and requested other evidence following the deposition of Dr. Weiss taken on December 15, 2011. *Reply*, pp. 1-3. Stated differently, plaintiff apparently suggests that it was only recently since the fall of 2011 that he sought additional information after attending depositions scheduled in December 2011. Plaintiff further contends that "the course or dealings by and between the parties in this action and post-Rule 34 objection productions" and that the parties have "readily supplemented discovery" following formal discovery requests

in this case. *Id*. at 3-4. Therefore, plaintiff argues, the *Motion to Compel* is not untimely and should be granted. *Id*.

This Court disagrees with plaintiff's position. To the extent that he now seeks information requested informally, plaintiff should have served formal discovery requests on defendants once he did not receive the information. Plaintiff's suggestion that the parties' "course of dealings" justifies his current motion does not alleviate his duty to serve formal discovery requests when the information he sought informally was not forthcoming. *Cf. Dowling v. The Cleveland Clinic Found.*, 593 F.3d 472, 480 (6th Cir. 2010) ("While the [plaintiffs'] counsel should be applauded for beginning discovery requests informally, he was dilatory in failing to make formal discovery requests when informal requests proved unavailing."). Indeed, plaintiff cannot successfully move for an order compelling documents when he did not first seek this information through Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (permitting a party to move for an order compelling production when a party fails to respond to a request pursuant to Rule 34); *McDermott v. Cont'l Airlines, Inc.*, No. 08-3557, 339 Fed. Appx. 552, at *560 (6th Cir. July 30, 2009) (finding no abuse of discretion in denying motion to compel where moving party did not request documents pursuant to Rule 34); *Nilavar v. Mercy Health Sys. - W. Ohio*, 210 F.R.D. 597, 610 (S.D. Ohio 2002) ("However, Rule 34 is the formal mechanism by which documents are to be requested, and Plaintiff's Motion to Compel Discovery is only viable as to documents requested by that method.").

In so concluding, the Court is mindful that it would have been too late for plaintiff to serve formal discovery requests following

the deposition of defendant Weiss on December 15, 2011 before the December 31, 2011 discovery deadline.  *See Preliminary Pretrial Order*, Doc. No. 22, p. 2 ("The parties are advised that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date.").  However, it was the parties'-- plaintiff's-- decision to wait until September or October 2011 before attempting to schedule these depositions even though defendant Weiss was named as a defendant at the inception of this litigation in February 2010.  *See* Doc. No. 54, p. 1 n.1 (representing on December 1, 2011 that the parties were unable to secure deposition dates for, *inter alios*, defendant Weiss "over the last couple of months").  Having waited so late to take key depositions, plaintiff must live with the consequences of his litigation strategy.  Under these circumstances, plaintiff's assertion that he is entitled to additional discovery so that he may respond to the motion for summary judgment must be rejected.  *See*, *e.g.*, *Dowling*, 593 F.3d at 478; *Schaffer*, 74 F.3d at 732.

**WHEREUPON**, the *Motion of Plaintiff Sunil Nayyar to Compel Production of Documents*, Doc. No. 63, is **DENIED**.

As noted *supra*, plaintiff's response to defendant's motion for summary judgment is currently due January 24, 2012.  *Order*, Doc. No. 69.  In light of today's ruling, however, plaintiff may have a short extension-- **with no additional discovery**-- until January 27, 2012 in which to file his response to the motion for summary judgment.  **There will be no further extensions of this deadline.**

<u>January 24, 2012</u>                                    <u>*s/Norah McCann King*</u>
                                     Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge