**WILES, BOYLE,
BURKHOLDER
BRINGARDNER**
Co., LPA
ATTORNEYS AT LAW

JAMES M. WILES
MARK J. SHERIFF
THOMAS E. BOYLE
MICHAEL L. CLOSE*
LAWRENCE A. BELSKIS****
RICHARD D. BRINGARDNER
DANIEL E. BRINGARDNER
STEVEN P. ELLIOTT
BRUCE H. BURKHOLDER

DALE D. COOK
JAY B. EGGSPUEHLER**
EUGENE L. HOLLINS
WILLIAM B. BENSON
SAMUEL M. PIPINO***
C. WILLIAM KLAUSMAN
THOMAS L. HART
JAMES M. HUGHES
BRIAN M. ZETS

MARK C. MELKO
KERRY T. BOYLE
LAUREN S. BRILL
NEIL C. SANDER
JENNIFER B. CASTO
ALICIA E. ZAMBELLI
BRANDON L. ABSHIER
NIKKI S. MESNARD

ARTHUR W. WILES
(1906-1989)
THOMAS A. DOUCHER
(1908-1991)
DANIEL G. WILES
(Retired)

*ADMITTED IN OHIO AND FLORIDA
**ADMITTED IN OHIO, NEW YORK AND THE DISTRICT OF COLUMBIA
JAY B. EGGSPUEHLER, ESQ., LLC
***ADMITTED IN OHIO AND PENNSYLVANIA
****ADMITTED IN OHIO, FLORIDA AND THE DISTRICT OF COLUMBIA

300 Spruce Street, Floor One
Columbus, Ohio 43215-1173
Telephone: 614/221-5216
Facsimile: 614/221-5692
www.wileslaw.com

10979 Reed Hartman Highway
Suite 239
Cincinnati, OH 45242
(513) 791-7202

July 28, 2009

**VIA HAND DELIVERY**
Steve Kile
Director of Human Resources
Mt. Carmel West Hospital
777 West State Street
Columbus, Ohio 43222

RE: Sunil Nayyar – Appeal of Internal Medicine Residency termination

Dear Mr. Kile:

Our firm has been retained to represent Sunil Nayyar with regard to his residency with Mount Carmel Health Systems, and more particularly, Mount Carmel West. By letter dated July 22, 2009, John C. Weiss, M.D. informed Mr. Nayyar that "it was necessary for the Internal Medicine Residency to terminate you from the training program." After reviewing this letter and the facts surrounding the situation, we believe Dr. Weiss's decision was arbitrary and unreasonable. We also believe the timeline set forth by Dr. Weiss is incorrect. And, the reasons for termination that Dr. Weiss articulated in his letter were pretextual, at best. Moreover, because Mr. Nayyar is about to complete his third year of residency, Dr. Weiss's decision effectively prevents Mr. Nayyar from ever completing his residency and simply ends his much anticipated career as a physician.

Please accept this letter as Mr. Nayyar's request, pursuant to GME Policy III (G) (Grievance Procedure and Due Process), for a formal review from the Program's Education Committee of the July 22, 2009 decision to terminate him from the training program. For your convenience, a copy of this letter is attached hereto. Because there would be no patient care and safety concerns, Mr. Nayyar requests his termination be suspended and be allowed to return to work during the entire appeals process.

Please let me know when the Education Committee schedules its meeting with Mr. Nayyar. As his counsel, I would like to attend this meeting to ensure a fair, efficient, and equitable resolution of this matter. In the meantime, please forward me a copy of Mr. Nayyar's written agreement of appointment and all Mr. Nayyar's documented

MC000026

formative (informal) and summative (formal) evaluation results, records of prior informal and formal corrective/disciplinary actions, and any other performance evaluations demonstrating his overall performance and conduct.

     Should you have any questions or need additional information, please do not hesitate to contact me.

                          Sincerely,

                          Brian M. Zets

Enclosure
cc:    Sunil Nayyar